## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EPCON COMMUNITIES FRANCHISING, INC.,

    Plaintiff,

v.                                                      Case No.:  05-2503-JWL-DJW

TOWN & COUNTRY VILLAS, LLC, et al.,

    Defendants.

### MEMORANDUM AND ORDER

A telephone conference was held in this matter on March 26, 2007.  Plaintiff appeared through counsel Heather Woodson and Michael Long.  Defendants Town & Country Villas, LLC and Straub Construction Company, Inc. appeared through counsel Matthew Furton and Ryan Denk. Defendant Dennis Bradley appeared through counsel Kelly Tobin.

During the conference, counsel presented argument regarding Defendants' Motion to Compel Discovery Responses from Plaintiff (doc. 108).  Based on the pleadings submitted in conjunction with this Motion, as well as the argument of counsel during the telephone conference, the Court granted Defendants' Motion to Compel. This Memorandum and Order is intended to memorialize the Court's oral rulings.

### Discussion

At issue in Defendants' Motion are the following two[1] document requests set forth within Defendants' Third Request for Production of Documents:

---

[1] Although the brief filed by Defendants in support of their Motion sought to compel Plaintiff to respond to all four document requests set forth within Defendants' Third Request for Production of Documents, Defendants subsequently advised the Court in their Reply brief that documents responsive to Requests 2 and 3 were ultimately produced by Plaintiff; thus, these two requests are no longer at issue.

1. Produce all sworn testimony given by Edward Bacome or Philip Fankhauser in any copyright litigation involving EPCON, its employees, agents, predecessors in interests, or its franchisees.

4. Produce all communications between Edward Bacome, Philip Fankhauser, EPCON, or any of their employees, agents or predecessors in interests, and any architect or design professional, or employee or agent thereof, regarding the works or designs referenced in the First Amended Complaint, as well as any pre-existing works referenced in the copyright registrations for the works or designs referenced in the First Amended Complaint, including but not limited to all correspondence, contracts, agreements, architectural plans and other design documents, invoices, payment records, accounting records and canceled checks.

Plaintiff objects to producing documents responsive to these two requests on grounds that the requests are untimely, the documents requested are available from other sources, and some of the documents requested already have been produced.

**Timeliness**

Plaintiff's position, that it is not obligated to comply with the discovery requests because they were served one day late, is based on the March 31, 2006 Scheduling Order, as amended. Plaintiff correctly notes that the Scheduling Order requires all discovery to be commenced or served in time to be completed by the discovery cutoff date.[2] The Court notes, however, that the Scheduling Order is intended to conform with Fed. R. Civ. P. 1, which provides for "the just, speedy and inexpensive determination of every action." In fact, the purpose of the Scheduling Order is to facilitate speedy, efficient, and civil pretrial procedures. By adopting a formalistic view of the deadlines, Plaintiff ignores the spirit of the Scheduling Order. For these reasons, and in the interest of justice, Plaintiff's objection based on untimeliness is overruled.

---

[2] Scheduling Order at ¶2(b) (doc. 25).

### **Availability From Other Sources**

Plaintiff objects to producing documents responsive to Defendants' requests because the documents allegedly are available from sources other than Plaintiff and Plaintiff does not want to pay the costs associated with copying the requested materials.

Notably, Fed. R. Civ. P. 26(b)(2)(i) directs the court to limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Here, Plaintiff has failed to assert, let alone establish, that the documents requested are obtainable from another source that is more convenient, less burdensome or less expensive. Thus, Plaintiff's objections on these grounds will be overruled.

With that said, Plaintiff will not necessarily be required to pay for photocopying of the requested documents. While there is a general presumption "that the responding party must bear the expense of complying with discovery requests,"[3] that presumption is trumped by Rule 34. Courts have held that under Rule 34, a responding party need only make requested documents *available for inspection* and copying; it need not pay the copying costs.[4]

### **Documents Requested Already Have Been Produced**

Plaintiff states it already has produced all documents responsive to Request 4. Although the Court cannot require Plaintiff to produce documents that do not exist or that are not in Plaintiff's possession or control, the Court can order Plaintiff to provide a supplemental written response to

---

[3]*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

[4]*Cardenas v. Dorel Juvenile Group, Inc*., 230 F.R.D. 611, 619-20 (D. Kan. 2005) (citing cases) (emphasis in original).

Request 4 representing that all responsive documents have been produced. Thus, to the extent Plaintiff does not have any additional documents responsive to this request, it shall serve a supplemental written response to that effect. In the event Plaintiff does have additional documents responsive to this request, it shall produce them to Defendant and provide a supplemental written response.

Based on the discussion above, it is hereby ordered that Defendants' Motion to Compel (doc. 108) is granted to the extent that

(1) Plaintiff's objection to responding to the Requests 1 and 4 based on untimeliness is overruled;

(3) Plaintiff's objection to responding to Requests 1 and 4 based on availability of the documents from other sources is overruled; and

(4) Plaintiff's objection to responding to Request 4 on grounds that the documents already have been produced is overruled to the extent that, if Plaintiff does not have any additional documents responsive to this request, it shall serve a supplemental written response to that effect. In the event Plaintiff does have additional documents responsive to this request, it shall produce them to Defendant and provide a supplemental written response.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of March, 2007.

s/ David J. Waxse<br>David J. Waxse<br>United States Magistrate Judge

cc: All counsel and *pro se* parties